■  In the Matter of the Claim of NATHAN KLUMOCK, Appellant, v. YONKERS CONSTRUCTION COMPANY et al., Respondents.  WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from so much of the decision of the Workmen's Compensation Board as denied his claim for disability benefits arising from the surgical repair of a right inguinal hernia.  On May 30, 1958 claimant, employed as a guard by a contracting company engaged in the construction of the Monticello Raceway, slipped and fell while moving a heavy refuse container to permit access through its main gate.  Immediately he experienced sharp pain in the left groin.  On the same day he was attended by a physician who in two reports to the board dated respectively May 30, 1958 and July 22, 1958 diagnosed his condition as " [a]cute traumatic left inguinal herniation."  He prescribed a truss to cover the left inguinal region and further reported that a future operation in the nature of a left herniorrhaphy was advisable.  Claimant procured the truss apparently at his own expense and continued his employment without loss of earnings.  At his request the case was closed on October 7, 1958.  Upon the application of claimant supported by a report of the same physician dated June 21, 1960 in which he again diagnosed the condition as a left inguinal hernia and advised that claimant have performed either a herniorrhaphy on the left side or be fitted with a new inguinal truss, the board by order dated July 12, 1960 reopened the claim and restored it to the Referee's calendar for further consideration.  About December 8, 1960 claimant complaining of pain in the left groin consulted another physician who recommended " [l]eft inguinal hernia repair" and so reported to the board. A few days later he was admitted to a hospital where a surgeon to whom he had been referred by the second attending physician discovered the existence of hernias on both sides which he proceeded to repair.  A right inguinal hernia had been corrected by surgery many years before.  Following testimony adduced at subsequent hearings the Referee citing the absence of a history and the lack of supportive medical proof of " an accident referable to the right side" found

only the left inguinal hernia to be causally related to the accident of May 30, 1958, made a disability award accordingly and closed the case. In affirming his decision the board found that " [t]he right hernia" was "unrelated to the accident." This record presented only a question of fact which was within the power of the board to determine. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.